# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DELVARIS BOOKER,**
        **Plaintiff,**

    **v.**                                    **Case No. 14-C-1489**

**NATURE'S PATH FOODS,**
        **Defendant.**

---

## DECISION AND ORDER

Delvaris Booker has filed a complaint against his former employer, Nature's Path Foods, alleging that he was discriminated against based on his religion. Nature's Path has moved to dismiss the complaint for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

Nature's Path first argues that plaintiff has failed to state a discrimination claim under Title VII because he has not alleged that he exhausted his administrative remedies by filing a charge of discrimination with the EEOC and receiving a right-to-sue letter. Exhaustion of administrative remedies is a condition precedent to bringing a suit under Title VII. See Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000). Here, the plaintiff did not in his complaint allege that he exhausted his administrative remedies. However, in response to the defendant's motion to dismiss, he states that he did file a charge with the EEOC, and he attached to his response a copy of the right-to-sue letter he received from the EEOC. Thus, it seems clear that the plaintiff has exhausted his administrative remedies. However, because exhaustion of administrative remedies is a condition precedent, it should be alleged in the complaint. See Fed. R. Civ. P. 9(c). For this reason, I will require

the plaintiff to file an amended complaint in which he expressly alleges that he has exhausted his administrative remedies. The plaintiff may simply re-file the present complaint and add the words "all conditions precedent have occurred or been performed" to one of the pages. Id. (stating that satisfaction of conditions precedent may be alleged generally).

Nature's Path also contends that the plaintiff has not satisfactorily alleged a substantive claim for religious discrimination. However, the plaintiff's complaint identifies the type of discrimination that he thinks occurs (religious), by whom (Nature's Path, through Jennifer Dillion , the human-resources manager, and Jeff Ferriera, a supervisor), and when (April 2014). This is all that he needed to put in the complaint. See Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010).

Nature's Path next argues that, to the extent the plaintiff is attempting to state a state-law claim for defamation, that claim must be dismissed. The plaintiff's complaint does use the word "defamation," but I do not think the plaintiff means to state a separate claim for defamation. The plaintiff does not allege that anyone made a false statement about him to a third party. Instead, he alleges that his coworkers "ridiculed" him for being a Christian. See Compl. ¶ 2. He seems to be using "defamation" as a synonym for "harassment," and his allegations pertaining to defamation appear to simply be part of his claim for religious discrimination. In any event, the plaintiff certainly has not stated a separate claim for defamation under Wisconsin law, as he has not alleged that anyone made a false statement about him. See Torgerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534 (1997) (stating elements of defamation claim).

Finally, Nature's Path states that if I do not dismiss the plaintiff's claims, I should require him to provide a more definite statement. <u>See</u> Fed. R. Civ. P. 12(e). However, Nature's Path does not identify the additional details it thinks it needs, and it appears to me that the plaintiff has precisely defined his claim for religious discrimination and that Nature's Path should have no problem preparing its response to the forthcoming amended complaint. Therefore, I will not require the plaintiff to provide a more definite statement. <u>See</u> <u>id.</u> (stating that party moving for more definite statement "must point out the defects complained of and the details desired").

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that (1) the complaint is dismissed with leave to file an amended complaint alleging that all conditions precedent to suit have occurred or been performed, and (2) any claim for defamation is dismissed. The motion is in all other respects denied.

**IT IS FURTHER ORDERED** that the plaintiff must file his amended complaint on or before **May 15, 2015**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge